Merrimack,
Jan. 4, 1938.

WALTER N. BROWN *v.* LEO MAILHOT.

*O'Connor & Saidel* and *J. Francis Roche* (*Mr. Roche* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the defendant.

BRANCH, J.  A verdict which postulates a physical impossibility cannot be sustained.  *Fraser* v. *Railway*, 84 N. H. 107; *Niemi* v. *Railroad*, 87 N. H. 1.  It is an inescapable conclusion in the present case that if the plaintiff had looked, as he says he did, before attempting to cross the road, he could not have failed to see the lights of the defendant's car where he says that he could see nothing but blackness.

The plaintiff testified that he looked to the south at three different points as he approached the highway and that on none of these occasions did he see any cars approaching from that direction.  The defendant argues that upon all these occasions his car and another which was following close behind it must have been in plain sight.  We need not pause to consider what the first two observations described by the plaintiff must have disclosed.  It is sufficient to say that the plaintiff claimed to have looked for the last time just as he reached the roadway.  The view to the south from this point, according to the plaintiff's own testimony, was clear and unobstructed for a distance of from 600 to 900 feet.  Since the plaintiff was struck after walking only 3 or 4 feet from this point, the only possible conclusion is that the defendant's car, as well as the Simpson car which was following, must have been within the plaintiff's range of vision at the time of his last observation.  It was not questioned that the headlights of both cars were lighted at the time, and hence the plaintiff's testimony that he "could see nothing but blackness" must be rejected as impossible.

"Where testimony is thus in conflict with indisputable physical

242

facts, the facts demonstrate that the testimony is either intentionally or unintentionally untrue, and leave no real question of conflict of evidence for the jury concerning which reasonable minds could reasonably differ." *Budaj* v. *Company*, 108 Conn. 474. "It is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car or train by which he was immediately struck." *Dando* v. *Brobst*, 318 Pa. St. 325. As in *Fraser* v. *Railway, supra*, the plaintiff "gave an impossible account of his conduct. . . . It is wholly contrary to reason that the car was not in plain sight" at the time he entered the highway. Under these circumstances the only possible conclusions that can be drawn from the plaintiff's testimony are, (1) that he saw the defendant's car and stepped in front of it without exercising any care for his own safety, or (2) that he did not see the defendant's car because "he was careless in the manner he looked for it." *Niemi* v. *Railroad, supra*. Either conclusion is equivalent to a finding that he was guilty of contributory negligence, and there must accordingly be

*Judgment for the defendant.*

All concurred.