Hillsborough, May 31, 1939. } No. 3068.

CORA LAFOUNTAINE *v.* EARL MOORE.

*W. Anthony Joyce, James F. O'Hare* and *Ivory C. Eaton* (*Mr. Eaton* orally), for the plaintiff.

*Karl E. Dowd* (by brief and orally), for the defendant.

WOODBURY, J.   There was evidence tending to show that the defendant approached the corner at a speed of fifty-five miles per hour, and that as he neared the intersection he did not slow down or sound his horn.   He admits that this evidence, if believed, is sufficient to warrant a finding of his negligence, but he contends that the plaintiff's evidence requires a finding of her contributory negligence as a matter of law.

The plaintiff testified that she approached the intersection at a speed of five miles per hour, and that when she reached it she stopped, looked both ways on Mammoth Road, and seeing no cars in either direction, put her car into low gear and entered the intersection. When she was part way into Mammoth Road preparing to turn to her left she saw the defendant's car for the first time.   It was then only a short distance away and the collision occurred almost immediately thereafter and before she had time to do anything to avoid it.

While the corner may fairly be said to be a blind one, the evidence and the photographic exhibits conclusively show that one traveling west in an automobile on the Castle Hill Road can, before reaching the paved portion of the Mammoth Road, obtain a clear view to the left down the latter road for a distance of one thousand feet.   From the fact that the collision occurred just as the plaintiff entered Mammoth Road and before she had completed her turn to the left, and from the undisputed testimony that when the accident occurred the weather was clear, it was daytime, the pavement was dry and there was no other traffic or any other object to distract the plaintiff's attention, it is obvious that the defendant's car, even though it was being driven at an excessive speed, must have been in the plaintiff's field of vision when she drove into the intersection.

The foregoing recitation of facts clearly indicates that this is not a case in which it could be found either that the plaintiff in the exercise of due care was only able to appreciate her perilous situation when it was too late for anything but instinctive action (*Kardasinski*

v. *Koford*, 88 N. H. 444), or that she observed the defendant but miscalculated his speed. *Carr* v. *Orrill*, 86 N. H. 226. The only possible conclusions from the evidence are, first, that the plaintiff entered the intersection without stopping or looking to her left at all, and there is some evidence tending to establish that this is in fact what she did, or, second, that she stopped, but stopped at a point so far back on the Castle Hill Road that she had only a very limited view to her left down the paved and well traveled road she was about to enter, or, third, that she stopped where she said she did, that is with her front wheels on the edge of the pavement where she was able to see one thousand feet to her left, but when at that point either failed to look to her left at all, or looking failed to see an object which was clearly in sight and which spelled danger to her.

Under either of the first two hypotheses the plaintiff would be guilty of causal negligence as a matter of law (*Brown* v. *Mailhot*, 89 N. H. 240; *Humphreys* v. *Ash, ante*, 223), but we need not give extended consideration to them because the plaintiff clearly and unequivocally testified that she stopped at a point where the undisputed testimony shows that her view was unobstructed, and she cannot recover on the basis of a finding contrary to that testimony. *Morris* v. *Railroad*, 85 N. H. 265; *Hurley* v. *Association*, 88 N. H. 469. The inescapable conclusion from this testimony is that if the plaintiff had looked, as she said that she did, before entering the Mammoth Road, she could not have failed to see the defendant's car where she says that she saw nothing. Under these circumstances she is not entitled to recover. *Fraser* v. *Railroad*, 84 N. H. 107; *Niemi* v. *Railroad*, 87 N. H. 1; *Brown* v. *Mailhot, supra*.

*Judgment for the defendant.*

All concurred.