No. 21903.

Kenneth Lloyd Edwards *v.* The People of the
State of Colorado.
(416 P.2d 542)

Decided July 11, 1966.

Foard, Foutch & Hunt, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

WE will refer to the parties by name.

On a charge of "larceny from the person" Edwards waived a jury and consented to have the matter tried to the court. He was found guilty and sentenced to a term in the state penitentiary. The argument that Edwards' conviction should be reversed is predicated solely on his contention that the evidence does not support the finding of guilty by the court.

At the trial the district attorney showed that the victim, Monk, accepted an offer of a ride from Colorado Springs to Fort Carson with Edwards and another man named Lewis. During the course of the trip Edwards and Lewis stopped the car, left it for a short while, and upon returning demanded money from Monk. Monk was then searched by Edwards and Lewis. A wallet containing currency and checks was taken from his person and he was ejected from the automobile. The two assailants then fled. Monk ran along the highway and flagged down a state patrolman who pursued and apprehended Edwards and Lewis, who, in their flight, had started down the wrong way of the divided highway. Additionally, it was demonstrated that $115 in currency was found on the median strip between the place where Monk had flagged the patrol car and the spot where Edwards and Lewis were stopped. A check which had been in the wallet taken from Monk's person was later found in the car used by Edwards and Lewis.

Edwards, whose testimony was corroborated for the most part by Lewis, took the witness stand in his own behalf. He stated, in an apparent attempt to explain the presence of the check in the automobile, that when Monk was in the car he had pulled out his wallet in order to show his identification. (The theory being that the check may have accidentally dropped out of the wallet in the process.) He also testified that Monk had not stayed in the car when Lewis and he had left it, but had joined them; that Monk had made an indecent proposal to him; that as a result a fight had ensued be-

tween Monk and himself; and that he had told Monk he would not be allowed back in the car. He explained the attempted flight of Lewis and himself by testifying that Lewis had become panicky when the patrolman came upon the scene.

It is Edwards' position here, in essence, that his version of what took place between Lewis, Monk and himself is as plausible or even more plausible than the prosecution's, which relies upon Monk's testimony as the only direct evidence of the incident; and that since the inferences to be drawn from the circumstantial evidence are assertedly as consistent with innocence as with guilt, his conviction should be reversed.

▆▆▆▆ Assuming, without deciding, that the circumstantial evidence in the case is as consistent with the defendant's theory as with the prosecution's, the circumstantial evidence rule relied on cannot be applied in a case such as the instant one, which is supported by direct evidence. In addition to the circumstantial evidence of flight, the finding of the currency and the check, and other matters, there is also direct evidence — the victim's testimony — sufficient in and of itself to support the finding by the trier of the facts that Edwards was guilty of the offense charged.

Edwards attacks the credibility of the victim's testimony, relying on the decision in *People v. Urso*, 129 Colo. 292, 269 P.2d 709. He maintains that even though there was testimony by itself sufficient to support a finding of guilty, the nature of all the testimony of which it was a part and the character of the person rendering it were such as to give it no effect. The *Urso* case, *supra*, however, is readily distinguishable. Herein we do not have a situation where the only testimony supporting the finding of guilty rests upon "testimony so contradictory and inconsistent as to be wholly unworthy of belief" — in other words, upon testimony which is virtually incompetent. There is merely a conflict in the evidence — one man's word against another

in the instant case. In *Schechtel v. People,* 105 Colo. 513, 99 P.2d 968, and again quoted in *Bowland v. People,* 136 Colo. 57, 314 P.2d 685, we find the following pertinent statements:

"There are, occasionally, criminal cases in which the evidence of the people is palpably incredible, totally discredited or absolutely impeached, and in which the trial or reviewing court properly refuses to sustain a conviction. A review of the record in this proceeding convinces us that this is not such a case."

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.