## No. 26141

## The People of the State of Colorado v. Oscar L. Eaton
(531 P.2d 970)

Decided February 10, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, Lawrence J. Schoenwald, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted of second-degree burglary and theft in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-203 and 40-4-401.[1]

Appellant urges that we reverse on the grounds that the evidence was not sufficient to sustain the jury verdict. We find this assertion to be without merit and therefore affirm the convictions.

The evidence at trial consisted of the testimony of three witnesses, two of whom were presented by the People and one by the defense. Appellant chose not to testify in his own behalf.

The People's evidence consisted of the testimony of one Velma Blue, that her apartment was burglarized in the late afternoon of December 10, 1972. She stated that about 5:15 p.m. she left her apartment, locking the door after her. Upon returning, approximately one hour later, she found that the lock on the apartment door had been jammed and the door was unlocked. Upon entering, she found that the apartment had been ransacked. Furniture was overturned; drawers had been emptied and personal items scattered about; and food was missing from her refrigerator. Taking an inventory she discovered that the following items of personal property were missing: a stereo-component system, consisting of two speakers; a radio; an eight-track tape; and a turntable. In addition, approximately fifteen to twenty records and all of her tapes were also missing. She estimated the value of the missing items to be in excess of three hundred dollars. She further testified that she had given no one permission to enter her apartment or to remove any of the items taken therefrom.

The People's other witness, Sharon Bouknight, was a tenant in the same apartment building, occupying another apartment on the same floor as the Blue apartment. She testified that she and six

[1]Now sections 18-4-203 and 18-4-401, C.R.S. 1973.

other persons, including appellant, had gathered in her apartment late that afternoon. She stated that she saw appellant and three other men leave her apartment and proceed to the Blue apartment, which they entered. Shortly, the four men exited the Blue apartment, carrying albums, tapes, speakers and a player, which they brought into her apartment where they were kept for about an hour. Thereafter, appellant and the three men left, taking the various items with them. She stated that she was able to observe the entry into the Blue apartment from her front window, which looked out across the courtyard directly toward the Blue apartment.

Appellant's motion for judgment of acquittal was denied. His defense consisted of the testimony of Linda Lohman. Linda testified that the eyewitness, Sharon Bouknight, had made a statement to her on New Year's Eve that appellant and the other men had been using her and had been giving her a bad time, and that she was going to get back at them and "see them behind bars." Appellant again moved for an acquittal, which was also denied by the court.

Appellant argues here that the eyewitness' testimony, in view of the alleged statement that she would get even with appellant and the other men, was inherently incredible and unworthy of belief and that the convictions should therefore be overturned. He cites as authority *People v. Urso,* 129 Colo. 292, 269 P.2d 709.

We do not regard *Urso* as applicable to the facts of the present case. There are essential and significant differences between the two cases.

In the present case, we have a citizen's account of a break-in and theft, whose credibility was not attacked except by the showing of an alleged extrajudicial declaration which, if true, would evince a bias towards appellant and the others who committed the crime.

There was no sufficient reason here for the trial judge to depart from the normal procedure of permitting the jury to determine the credibility of the witness and the weight to be accorded her testimony in considering the guilt or innocence of the accused, and the court did not do so. It is rare, indeed, when a trial judge is justified in invading the province of the jury and substituting his

judgment for that of the jury in determining critical issues bearing upon a defendant's guilt or innocence.

The court was correct in denying appellant's motion for acquittal. The People's evidence in our view was sufficient to support the verdicts of guilty.

The judgment is affirmed.