No. 27620

**The People of the State of Colorado v. Robert Lee Gennings**

(583 P.2d 908)

Decided August 21, 1978.

Robert L. Russel, District Attorney, J. Tyler Makepeace, Special Prosecutor for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Gene Beville, Deputy, Robert Elliott, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Defendant was convicted by a jury of first-degree sexual assault. Section 18-3-402(1)(a), C.R.S. 1973 (1977 Supp.). After the verdict, the trial court granted defendant's motion for judgment notwithstanding the verdict and entered a judgment against the defendant on the lesser offense of third-degree sexual assault. Section 18-3-204, C.R.S. 1973 (1977 Supp.). The district attorney appealed. We reverse and remand with directions to reinstate the jury's verdict and to sentence the defendant on his conviction of first-degree sexual assault.

On October 10, 1976, a young woman, who was employed at Fort Carson, was hitchhiking to Colorado Springs and obtained a ride from the defendant, Robert Lee Gennings. The two engaged in casual conversation, and the woman agreed to join the defendant and several of his friends for some drinks at the Cloud Nine nightclub in Colorado Springs.

Several hours later, the defendant and one of his friends decided to leave the Cloud Nine and go to another club. The woman did not want to go to another club but accepted the defendant's offer to drive her home. While en route, the defendant's friend decided not to go to another club and was dropped off at his apartment. The defendant then stopped at his apartment to get a coat because it was cold. The woman went to the

apartment with the defendant to get his coat and to get out of the cold.

Once in the apartment, the defendant closed and locked the door. Within a few minutes, according to the woman's testimony, the defendant forced her against her will into his bedroom. The victim testified that she screamed, fought the defendant, and made several unsuccessful attempts to escape. The defendant, according to the victim, choked her until she stopped resisting then forced her to have sexual intercourse with him.

After the incident, the defendant drove the victim to her quarters at Fort Carson. She immediately reported the incident and was taken to a hospital for examination and treatment. Photographs of her injuries were taken. The victim also assisted Colorado Springs police officers in retracing the route which the defendant took in proceeding from the Cloud Nine nightclub to his apartment. The defendant was arrested within several days.

The applicable legal principles on appeal are well established. When there is competent, material, and relevant evidence to support a jury verdict, neither a trial court nor an appellate court should disturb the verdict. *People v. Linn,* 194 Colo. 258, 571 P.2d 1093 (1977); *St. Louis v. People,* 120 Colo. 345, 209 P.2d 538 (1949). Upon a motion for judgment of acquittal in a jury trial, the trial judge must determine whether the evidence, both direct and circumstantial, when viewed in the light most favorable to the prosecution, and as a whole, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Larson,* 194 Colo. 338, 572 P.2d 815 (1977); *People v. Martinez,* 191 Colo. 428, 553 P.2d 774 (1976); *People v. Linn, supra; People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). A jury verdict which is supported by sufficient evidence will not be set aside because a reviewing court might have reached a different conclusion than that drawn by the jury. *See People v. Larson, supra; People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974); *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972).

Reviewing the evidence in the record with the above principles in mind, we find that the jury verdict was supported by substantial evidence which was sufficient to convict the defendant of first-degree sexual assault. The evidence before the jury would permit a reasonable mind to conclude that the defendant physically forced his victim into his bedroom and that, while in the bedroom, the victim fought, screamed, and attempted to escape until the defendant's repeated attempts to choke her caused her to submit to sexual intercourse. Photographs of the victim taken within hours of the incident revealed numerous scratches and bruises on her neck, shoulders, and breasts. The photographs were admitted into evidence and corroborated the victim's testimony. The evidence also established that the defendant had originally denied knowledge of the victim or of the incident but, at trial, admitted to having had sexual

intercouse with the victim and alleged that she had consented. He also admitted that he shook her.

■ The victim's testimony was not so palapably incredible and so totally unbelievable as to be rejected as a matter of law. *See People v. Urso,* 129 Colo. 292, 269 P.2d 709 (1954). The jury, therefore, was entitled to weigh and consider her testimony and the other evidence in reaching its verdict. The jury obviously chose not to believe the defendant's consent defense and, by its guilty verdict, indicated acceptance of the prosecution's theory and the evidence offered in support thereof.

■ Where an appellate court determines that a judgment of acquittal was improper and where the error can be corrected by remand with directions to enter judgment on the jury's verdict, the double jeopardy clause of the Sixth Amendment of the United States Constitution is not contravened. *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); *United States v. Cravero,* 530 F.2d 666 (5th Cir. 1976).

Accordingly, the judgment is reversed, and the cause is remanded with directions to reinstate the jury verdict, enter a judgment on that verdict, and sentence the defendant on his conviction of first-degree sexual assault.