MR. JUSTICE KELLEY
delivered the opinion of the Court.
*77 The People appeal from an order of the Denver District Court granting a judgment of acquittal after a jury found the defendant, Michael Dowdell, guilty. The court erred. We, therefore, order the verdict reinstated.
This case arose from an incident in which the defendant severely beat Haden Alldredge, an older man. Dowdell was charged in a two-count information with assault in the first degree in the course of and in furtherance of the attempted commission of robbery, section 18-3-202(1 )(d), C.R.S. 1973, and attempted robbery, section 18-2-101, C.R.S. 1973. At trial, after the People’s case was concluded, the judge found the People had failed to prove “serious bodily injury” beyond a reasonable doubt. The first count was dismissed, and the prosecution, with the consent of the court, elected to proceed on the lesser included offense of third-degree assault, section 18-3-204, C.R.S. 1973. The jury rendered a verdict of not guilty on the attempted robbery chárge and guilty on the assault charge.
The defendant thereafter filed a motion for judgment of acquittal, contending that third-degree assault was not a lesser included offense of first-degree felony assault. The motion was granted. The sole issue raised by the defendant in the trial court was whether third-degree assault is a lesser included offense of first-degree felony assault.
We do not reach this question because the defendant consented to proceeding on the charge of third-degree assault. After the court ruled that the prosecution had not established a prima facie case as to first-degree assault, the district attorney elected to proceed on the third-degree assault charge.
When the defendant agreed to proceed on third-degree assault, it became immaterial whether it was a lesser included offense. It was the only assault charge to be adjudicated or ruled upon. He had waived whatever right he may have had to contend that it was not a lesser included offense.
The judgment of acquittal is reversed, and the cause is remanded with directions to reinstate the verdict of guilty on the third-degree assault charge and sentence the defendant according to law.
MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.
MR. JUSTICE CARRIGAN does not participate.