No. 27555
No. 27602

**The People of the State of Colorado v.
Felipe DeJesus Rivas and Michael Luis Trujillo**

(591 P.2d 83)

Decided February 13, 1979.                    Rehearing denied March 19, 1979.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Norman R. Thom, Deputy, for defendant-appellee Rivas.

E. David Griffith, for defendant-appellee and defendant-appellant Trujillo.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Codefendants, Felipe DeJesus Rivas and Michael Luis Trujillo, were jointly charged in the District Court of El Paso County with three counts of assault, as follows: Count I, assault in the second degree on Fermin Salvador Velasquez in violation of section 18-3-202, C.R.S. 1973; Count II, assault in the first degree on Fernando Lopez in violation of section 18-3-201, C.R.S. 1973; and Count III, assault in the first degree on Roy Gene Martinez in violation of section 18-3-201, C.R.S. 1973. The charges arose out of fights which occurred during the evening, outside of two bars on May 1 and May 2, 1976.

At the conclusion of the prosecution's case tried to a jury, the court, in response to defense motions, acquitted both defendants on Count I; Trujillo was acquitted on Count II; and Rivas was acquitted on Count III.

The jury found Rivas guilty of first-degree assault as charged in Count II, and Trujillo guilty of the lesser included offense of second-degree assault as charged in Count III.

After considering both defendants' motions for new trial and for judgment of acquittal notwithstanding the verdict, the court granted Rivas' motion for judgment of acquittal notwithstanding the verdict, but denied Trujillo's motion for a new trial and for judgment notwithstanding the verdict.

Trujillo appeals his conviction of second-degree assault and the People cross-appeal, alleging error in certain evidentiary rulings by the trial court with regard to Trujillo. We affirm the conviction of Trujillo.

The People appeal from the trial court's order granting Rivas' motion for judgment of acquittal notwithstanding the verdict. The People assert that the court erred in certain evidentiary rulings and that the jury was incorrectly instructed as to Rivas. We reverse and reinstate the jury verdict as to Rivas.

I.

Initially, we find it unnecessary to discuss the People's allegations of error with regard to evidentiary rulings and jury instructions since a discussion of these issues would not be of precedential value. *People v. Musso,* 193 Colo. 35, 561 P.2d 1259 (1977); *People v. McFarland,* 193 Colo. 1, 565 P.2d 550 (1977). Because we reinstate the jury's guilty verdict as to Rivas, there will be no new trial as to him. Trujillo was found guilty of second-degree assault, a lesser included offense of first-degree assault, *People v. Martinez,* 189 Colo. 408, 540 P.2d 1091 (1975). Therefore, a second trial of Trujillo is barred by reason of the acquittal of the greater offense and conviction of the lesser. Section 18-1-301(1)(a), C.R.S. 1973.

II.

The two defendants were prosecuted together on the theory of complicity. Trujillo contends that because the court, at the close of the prosecution's case, acquitted both defendants on Count I, Trujillo on Count II, and Rivas on Count III, there could be no complicity, and he was unduly prejudiced by the joinder. Crim. P. 14. Therefore, he argues, the court should have granted him a severance and a separate trial.

In determining this issue, we are guided by the principles announced in *People v. Maestas,* 183 Colo. 378, 517 P.2d 461 (1973). There, it was held that the necessity for severance is determined by three tests: (1) whether the number of the defendants and the complexity of the evidence is such that the jury will probably confuse the evidence and the law applicable to each defendant; (2) whether evidence admissible against one defendant, and inadmissible against the other defendant, will be considered against the other despite admonitory instructions of the court; and (3) whether there are antagonistic defenses.

The trial here involved only two defendants and proof of the charges lent itself to evidentiary simplicity rather than complexity. The bulk of the evidence was testimony of participants in or bystanders to the altercation. The relatively noncomplex nature of the evidence was not such that the jury probably would have confused the evidence and law applicable to each defendant. Further, the court's admonitory instructions were sufficiently framed to prevent the possibility of evidence admissible only against one defendant being considered by the jury as evidence against the other. Finally, despite the rigorous protestations against joinder based on the spectre of the certain possibility of antagonistic defenses, no such defenses were ever put forth by the defendants. Therefore, no undue

prejudice having been shown, the trial court's denial of the motion for severance and a separate trial was not an improper exercise of its discretion.

Trujillo also contends that the trial court erred in denying his pretrial motion for severance of Count I from Counts II and III. He further asserts he should have been granted this relief at the close of the People's case, or at the close of all of the evidence. Because of the court's error in not granting a severance of the counts, he argues that he is entitled to a new trial on Count III. He argues that the evidence entered with regard to Counts I and II (the counts upon which the trial court granted acquittal) prejudiced him with regard to the remaining Count III. Trujillo reasons that the accumulation of evidence tended to create an impression in the minds of the jurors that he was "an habitual criminal run amok from one end of the town to the other, over a period of two days."

As noted in *People v. Martinez,* 190 Colo. 507, 549 P.2d 758 (1976), a ruling on a motion to sever counts is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of that discretion has been shown. Here, evidence of the assaults relating to Counts I and II would have been admissible to show a common scheme, plan, or design with regard to Count III. The acquittal as to Counts I and II is of little effect because the admissibility of evidence of similar criminal acts does not turn on whether the defendant was convicted of those crimes. *People v. Martinez, supra.* In our view, the court did not abuse its discretion in denying the motions for severance of the counts.

Finally, Trujillo contends that the trial court erred in refusing to suppress the in-court identification of Trujillo by the victim Martinez. Trujillo argues that the in-court identification was tainted by a prior photographic display. This issue, however, was not raised in Trujillo's motion for a new trial; consequently, the issue is not properly before this court. Crim. P. 33(a).

### III.

We agree with the People's contention that the trial court erred in granting Rivas' motion for judgment of acquittal notwithstanding the verdict. The court, relying on *People v. Urso,* 129 Colo. 292, 269 P.2d 709 (1954), granted this motion on the basis that the testimony of two eyewitnesses to the stabbing of victim Lopez was inconsistent and therefore unbelievable. The court relied heavily upon the unsworn extrajudicial statements of the two eyewitnesses, which were inconsistent with their testimony in court, as well as in significant conflict with the testimony of other witnesses. The court found that, as a matter of law, the testimony of the eyewitnesses was incredible and therefore not competent evidence. Having thus declared the eyewitness testimony to be incompetent, the trial court found that there was no evidence to support a conclusion by a reasonable mind that Rivas was guilty beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

We reiterate that where the sufficiency of the evidence to support a guilty verdict is challenged, a court is obligated to view the testimony in the light most favorable to the prosecution. Once a prima facie case has been established, it becomes impregnable against a motion for judgment of acquittal. *People v. Waggoner,* 196 Colo. 578, 595 P.2d 217, (1979). It is the jury's function to consider and determine what weight shall be given to all parts of the evidence. This includes the resolving of conflicts, inconsistencies, and disputes in the evidence. *People v. Waggoner, supra; People v. Jones,* 191 Colo. 110, 551 P.2d 706 (1976). A jury verdict which is supported by sufficient evidence will not be set aside because a reviewing court might have reached a different conclusion than that of the jury. *People v. Larson,* 194 Colo. 338, 572 P.2d 815, (1977). Therefore, a reviewing court should not usurp the province of the jury by making a redetermination of any possible conflicts in the evidence. *People v. Salinas,* 191 Colo. 171, 551 P.2d 703 (1976).

A review of the evidence here reveals that both eyewitnesses, neither of whom knew the other prior to the stabbing, identified Rivas as the person who stabbed the victim Lopez. Despite impeachment attempts by the defense, the jury, by its guilty verdict, indicated that it believed the in-court identification made by the eyewitnesses. This testimony was not so palpably incredible and so totally unbelievable as to be rejected as a matter of law. *People v. Gennings,* 196 Colo. 208, 583 P.2d 908 (1978); *People v. Eaton,* 187 Colo. 379, 531 P.2d 970 (1975); *Edwards v. People,* 160 Colo. 238, 416 P.2d 542 (1966); *Zeiler v. People,* 157 Colo. 332, 403 P.2d 439 (1965). Hence, the court erred in granting Rivas' motion for judgment notwithstanding the verdict.

Finally, the defendant's contention that the double jeopardy clause of the Sixth Amendment to the United States Constitution and of *Colo. Const.* Art. II, Sec. 3, prohibits reinstatement of the jury verdict was answered in *People v. Gennings, supra.* There, we held that where a judgment of acquittal was improperly granted there is no double jeopardy prohibition against reinstating the jury verdict. *See People v. Dowdell,* 197 Colo. 76, 589 P.2d 948 (1979).

The judgment of conviction of defendant Trujillo is affirmed. The judgment of acquittal of defendant Rivas on Count II is reversed, and the cause is remanded with directions to reinstate the jury verdict of guilty and for further proceedings consonant with the views expressed herein.