The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Calvin SMITH, Defendant-Appellant.

No. 82CA1327.

Colorado Court of Appeals, Div. III.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Denied June 11, 1984.

**494**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Bender, Marks & Melonakis, Stanley B. Bender, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Calvin Smith, was charged with first degree assault, and with having committed a violent crime. The trial court instructed the jury on both charges and second degree assault, but rejected defendant's proffered instructions on self-defense, justifiable use of force, and third degree assault. The jury acquitted the defendant of having committed a violent crime, but convicted him of second degree assault.

The defendant is an RTD bus driver. On February 4, 1982, he was driving his route from Aurora to downtown Denver. The victim, a passenger, paid his fare when he entered the bus, but neglected to request a transfer required to arrive at his place of employment. Subsequently, passenger requested a transfer from defendant. The defendant refused, stating that company policy limited transfer issuance to time of boarding and payment of fare. An argument ensued, which escalated when defendant drew a knife and followed the passenger as he exited the bus. Defendant opened the knife and held it in his left hand against his side. The two men confronted each other on the sidewalk and argued for two to five minutes without physical contact. Defendant, realizing that he should not have exited the bus, turned and walked away from the confrontation. Passenger followed defendant to the bus. Defendant stated that passenger was threatening him as he followed, and that he was afraid of being attacked. Passenger testified that he followed defendant back to the bus only to obtain the name of defendant's supervisor so that he could report the incident.

It appears from the record that defendant was standing on the bottom stair of the bus with the knife still in his hand. Passenger was on the curb adjacent to the bus. Defendant was turning to face passenger when passenger shoved him in the chest causing defendant to trip over the stairs and fall backwards. As defendant fell back, he caught himself with his right hand. During this incident, passenger received a stab wound to the right side of his abdomen, piercing the stomach.

Defendant testified that he was not aware that passenger had been wounded, and that he tried to close the bus doors as he remained fearful. Passenger tried to hold the doors open, stating that he had been stabbed. Defendant testified that he did not believe the passenger, and thought that it was a ploy to enter the bus. Defendant closed the doors of the bus, and continued driving his route until he was stopped by police.

Defendant first contends that the trial court erred by not instructing the jury on third degree assault as a lesser included

offense of second degree assault. We agree.

■ The components of second degree assault upon which the jury was instructed state that a person commits the crime of assault in the second degree if:

"(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; or

"(b) With intent to cause *bodily injury* to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon; or ...

"(d) He *recklessly* causes serious bodily injury to another person by means of a deadly weapon...." Section 18–3–203, C.R.S.1973 (1978 Repl.Vol. 8). (emphasis supplied)

Third degree assault is committed if a person:

"[K]nowingly or recklessly causes bodily injury to another person or *with criminal negligence* he causes *bodily injury* to another person by means of a deadly weapon." Section 18–3–204, C.R.S.1973 (1978 Repl.Vol. 8). (emphasis supplied)

The jury verdict did not specify the component of second degree assault under which the defendant was found guilty. We cannot speculate as to which component the jury relied upon; therefore, we must apply the statutory lesser included offense test in regard to the instructions as a whole. Under that test, third degree assault is a lesser included offense of second degree assault. *See People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

■ The trial court rejected defendant's requested instruction on third degree assault because it found, from undisputed testimony, that the victim had suffered serious bodily injury. *See People v. Thompson,* 187 Colo. 252, 529 P.2d 1314 (1975). However, here, there is an evidentiary basis for finding that defendant's culpable mental state was one of criminal negligence, rather than recklessness. *Compare* § 18–1–501(3), C.R.S.1973 (1978 Repl.Vol. 8) *with* § 18–1–501(8), C.R.S.1973 (1978 Repl.Vol. 8). And, to construe § 18–3–204 as requiring acquittal if a defendant, acting with criminal neglect and armed with a deadly weapon, inflicts serious bodily injury rather than mere bodily injury, is illogical. *See People v. Annan,* 665 P.2d 629 (Colo.App.1983). Thus, we find that the evidence establishes a rational basis for acquitting the defendant of second degree assault and convicting him of the lesser included offence of third degree assault. *Ortega v. People,* 178 Colo. 419, 498 P.2d 1121 (1972).

■ We also agree with defendant's contention that the trial court erred in not instructing the jury on the use of physical force in self-defense. A defendant is entitled to an instruction on his theory of the case whenever the theory is supported by some evidence. *People v. White,* 191 Colo. 353, 553 P.2d 68 (1976).

■ Here, the confrontation on the street was apparently initiated by the defendant when he followed the passenger off the bus. An initial aggressor is without privilege to use physical force in order to defend himself. Section 18–1–704(3)(b), C.R.S.1973 (1978 Repl.Vol. 8). However, once the initial aggressor withdraws from the encounter, and effectively communicates his withdrawal to the other person, he is privileged to use the degree of force which he reasonably believes necessary to defend himself. Here, there exists evidence that defendant withdrew from the encounter. From that evidence, the jury could infer that defendant's withdrawal was effectively communicated to the passenger by his conduct. *See Serratore v. People,* 178 Colo. 341, 497 P.2d 1018 (1972).

There is testimony in the record indicating that the defendant, 60 years of age, initially drew the knife for fear of being attacked by the passenger. He also testified that he was fearful of being harmed when he returned to the bus. When he turned on the bus steps to face the passenger, he stated he was still holding his knife in his hand in anticipation of imminent attack. This testimony constitutes some evidence of self-defense. Thus, the trial court

erred in refusing the defendant's proffered instruction regarding self-defense.

■ Whether the use of a knife in defense constitutes excessive force is a question of fact to be resolved by the jury. *See People v. Eaton*, 187 Colo. 379, 531 P.2d 970 (1975).

■ Defendant's contentions that the trial court erred in admitting a facsimile of defendant's knife and in denying his motion for judgment of acquittal are without merit.

The judgment of conviction is reversed and the cause is remanded for a new trial consistent with this opinion.

STERNBERG and BABCOCK, JJ., concur.