The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Ralph **GOEDECKE,**
Defendant-Appellant.

No. 84CA1315.

Colorado Court of Appeals,
Div. III.

Oct. 16, 1986.

Rehearing Denied Nov. 6, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons

Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances S. Brown and Linda A. Perkins, Deputy State Public Defenders, Denver, for defendant-appellant.

BABCOCK, Judge.

Ralph Goedecke appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree assault. We affirm.

The prosecution's evidence at trial established that the defendant, the victim, and another man had become involved in a dispute over money the defendant allegedly owed the victim. When defendant offered some food stamps as partial payment, the victim tore them up. There was a brief altercation, and the victim drove away.

Some time later, after the victim had been at work repairing a backhoe, he came upon defendant and the other man. Defendant and the other man grabbed two 14″ box end wrenches from the victim and began beating him with them. Defendant fled after witnesses called police, and was arrested later.

## I.

Defendant first contends the trial court erred in refusing to instruct the jury that defense of property is an affirmative defense to the charge of second degree assault. We find no error.

Defense of property is set forth in § 18–1–706, C.R.S. (1986 Repl.Vol. 8B), which provides:

"A person is justified in using reasonable and appropriate physical force upon another person when and to the extent that he reasonably believes it necessary to prevent what he reasonably believes to be an attempt by the other person to commit theft...."

█ A defendant is entitled to a jury instruction on an affirmative defense only if evidence in the record supports it. *See People v. Dillon*, 655 P.2d 841 (Colo.1982).

█ Here, the evidence demonstrates that defendant's use of physical force on the victim did not constitute justifiable defense of property. Defendant was charged with second degree assault that allegedly occurred in the second altercation with the victim. While the amount of time between the incidents is disputed, the fact that the assault took place *after* the alleged theft of the food stamps had already occurred is not. Thus, there were no grounds upon which the jury could find that defendant reasonably believed that force was necessary to *prevent* an attempted theft, and the trial court did not err in refusing the tendered instruction. *See People v. Waters*, 641 P.2d 292 (Colo.App.1981).

## II.

Defendant next contends that the trial court erred by submitting a jury instruction regarding self-defense that usurped the jury's function as trier of fact. The instruction read:

"The defendant cannot act in self-defense and is the aggressor from any point in time that [the victim] abandoned or attempted to abandon the conflict and communicated that abandonment by word or action to the Defendant and the Defendant or a person for whom he is legally accountable acted to continue the conflict."

Defendant argues that this instruction in effect foreclosed a finding that the victim did not withdraw, or that defendant acted in self-defense. We disagree.

In *People v. Smith*, 682 P.2d 493 (Colo. App.1983), we held that when an initial aggressor withdraws from an encounter and effectively communicates his withdrawal to the initial victim, the aggressor becomes a victim entitled to act in self-defense should the initial victim retaliate for the attack. Thus, if the initial victim continues the attack, the victim then becomes the aggressor and is no longer entitled to act in self-defense. *See* § 18–1–704(3)(b), C.R.S. (1986 Repl.Vol. 8B).

█ Hence, under *Smith,* the instruction is a correct statement of the law of self-de-

fense, and it reflects the evidence produced at trial. Consequently, it was proper for the trial court to instruct the jury on this matter. *See People v. Henderson*, 38 Colo. App. 308, 559 P.2d 1108 (1976). Moreover, the language of the instruction did not force any assumptions on the jury regarding the victim's withdrawal; rather, it merely guided the jury in determining who acted as an aggressor and who was a victim. The trial court, therefore, committed no error in giving the instruction.

Judgment affirmed.

SMITH and METZGER, JJ., concur.