The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Amador A. RAMIREZ, Defendant–Appellee.

No. 99CA1973.

Colorado Court of Appeals, Div. IV.

Feb. 15, 2001.

Certiorari Denied Sept. 10, 2001. *

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

* Justice COATS does not participate.

A. William Ritter, Jr., District Attorney, Everett Engstrom, Deputy District Attorney, Denver, CO, for Plaintiff–Appellant.

Charles W. Elliott, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

The People appeal from the trial court's entry of a judgment of acquittal notwithstanding the jury verdicts finding defendant, Amador A. Ramirez, guilty of sexual assault on a child and sexual assault on a child by one in a position of trust. We reverse and remand with directions.

Defendant was charged with one count of sexual assault on a child, one count of sexual assault on a child by one in a position of trust, and one count of sexual assault on a child as part of a pattern of abuse for having allegedly touched his nine-year-old niece's "private parts" numerous times during the summer of 1998. The child was the principal witness for the prosecution at trial.

At the close of the prosecution's case, defendant moved for a judgment of acquittal on the ground that the child victim's testimony was incredible as a matter of law. The trial court denied the motion.

Defendant then renewed his motion for a judgment of acquittal at the close of all the evidence. The trial court again denied the motion stating:

With children it's really difficult to say that they are incredible as a matter of law just because of the nature of children. And certainly there is testimony that if the jury chose to believe it, would constitute enough evidence for the jury to find [defendant] guilty. It's not for a Judge to decide, unless I could find that she is incredible as a matter of law, and I can't. So this is a question for the jury.

However, after the jury had returned its verdicts, the court informed counsel that it was concerned about the sufficiency of the evidence. The court set a hearing to reconsider defendant's motion for judgment of acquittal.

At the hearing, after counsel presented their arguments, the court concluded that the child victim's testimony should be rejected as a matter of law.

The court also determined that it had erroneously denied defendant's pre-trial motions for a bill of particulars and to elect a specific incident upon which to rely for conviction.

Based on these findings and conclusions, the court granted defendant's motion for judgment of acquittal notwithstanding the verdict.

I.

On appeal, the People contend that the trial court erred in finding the child victim's testimony incredible as a matter of law and in granting defendant's motion for judgment of acquittal notwithstanding the verdict on that basis. We agree.

■ In ruling on a motion for judgment of acquittal after a guilty verdict has been returned, a trial court must consider all the evidence and determine whether, when viewed as a whole and in a light most favorable to the prosecution, that evidence is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *People v. Brassfield,* 652 P.2d 588 (Colo.1982).

■ In ruling on such a motion, the trial court must not attempt to serve "as a thirteenth juror or invade the province of the jury." *People v. Bennett,* 183 Colo. 125, 130, 515 P.2d 466, 469 (1973). The limitation upon a judge's power to set aside a jury verdict is premised on the basic principle that the jury should decide the difficult questions of witness credibility and the weight to be given to

conflicting evidence. Only when a witness' testimony is "palpably incredible and ... totally unbelievable" may the court properly reject it as a matter of law. *People v. Franklin,* 645 P.2d 1, 4 (Colo.1982).

■ Here, both parties agree that the child witness' testimony, if credible, provides ample evidence to support the guilty verdict. The question, then, is whether, by ruling that the child witness' testimony was incredible as a matter of law, the trial court improperly usurped the right of the jury to determine the credibility of witnesses. The People argue that it did, and we agree.

■ Testimony that is "incredible as a matter of law" is that which is in conflict with nature or fully established or conceded facts. It is testimony as to facts which the witness physically could not have observed or events that could not have happened under the laws of nature. *See, e.g., Day v. State,* 92 Wis.2d 392, 400, 284 N.W.2d 666 (1979). *Accord, United States v. Emerson,* 128 F.3d 557, 561 (7th Cir.1997) ("unbelievable on its face, physically impossible for the witness to observe, or contrary to the laws of nature"); *United States v. Garner,* 581 F.2d 481, 485 (5th Cir.1978) ("unbelievable on its face, [that is] facts that (the witness) physically could not have possibly observed or events that could not have occurred under the laws of nature"); *Parker v. State,* 280 Ala. 685, 691, 198 So.2d 261, 267 (1967) ("inherently and physically impossible because irreconcilable with physical facts and common observation"); *People v. Harlan,* 222 Cal.App.3d 439, 453, 271 Cal.Rptr. 653, 661 (1990) ("physical impossibility [or falsity that is] apparent without resorting to inferences or deductions"); *Budaj v. Connecticut Co.,* 108 Conn. 474, 476, 143 A. 527, 528 (1928) ("in conflict with indisputable physical facts"); *Patton v. State,* 117 Ga. 230, 245, 43 S.E. 533, 534 (1903) ("seeks to establish facts which are impossible"); *Brown v. Mailhot,* 89 N.H. 240, 241, 196 A. 764, 766 (1938) ("in conflict with indisputable physical facts"); *State v. Hornsby,* 858 S.W.2d 892, 894 (Tenn.1993) ("cannot possibly be true, is inherently unbelievable, or is opposed to natural laws").

Conversely, testimony that is merely biased, inconsistent, or conflicting is not incredible as a matter of law. *See Schechtel v. People,* 105 Colo. 513, 99 P.2d 968 (1940); *see also People v. Parks,* 749 P.2d 417 (Colo. 1988); *People v. Franklin, supra; People v. Brassfield, supra; People v. Rivas,* 197 Colo. 131, 591 P.2d 83 (1979); *People v. Gennings,* 196 Colo. 208, 583 P.2d 908 (1978); *People v. Eaton,* 187 Colo. 379, 531 P.2d 970 (1975); *Edwards v. People,* 160 Colo. 238, 416 P.2d 542 (1966); *People v. Graham,* 678 P.2d 1043 (Colo.App.1983). *Cf. People v. Martinez,* 187 Colo. 413, 531 P.2d 964 (1975) (jury may convict upon the uncorroborated testimony of accomplice that is clear and convincing and shows guilt beyond a reasonable doubt); *People v. Urso,* 129 Colo. 292, 269 P.2d 709 (1954) (discussing uncorroborated accomplice testimony).

Here, according to the trial court, the child witness' testimony was incredible as a matter of law because:

—the child's statement to the police indicated that she thought the offense had occurred within a few weeks of the interview, but it was undisputed that defendant had not seen the child for over a month;

—the child indicated that she had visited defendant ten to twelve times, but it was "highly improbable" that she had that many visits with defendant;

—there seemed to be few opportunities for the offense to have occurred;

—the child did not know the number of dogs defendant owned;

—although other witnesses said there were none, the child recalled fireworks at defendant's house during one of the incidents;

—the proximity of defendant's wife's bedroom to the place where the assault occurred made the fact of an assault improbable; and

—the outcry that brought the allegations of sexual assault to the attention of the child's family was odd and was followed by leading questions from a relative.

We do not disagree with the trial court's view that the child victim's testimony was problematic. The record indicates that the testimony was at times inconsistent and contradictory, and all of the particulars noted by

the trial court certainly raised legitimate questions. However, nothing in the child victim's testimony conflicted with physical or conceded facts so as to make it incredible as a matter of law.

Even if the child victim was grossly inaccurate or confused about the circumstances surrounding the incidents, it still was not physically impossible for the assaults to have occurred when and as she described. Unlike, for example, testimony that a witness saw the sun rise in the west, here, nothing in the child victim's account of the assaults was impossible or irreconcilable with the laws of nature or irrefutable physical facts. *See, e.g., Day v. State, supra* (in sexual assault case, testimony that several people were only four feet from the assault, with no door obstructing their view, described conduct that is unusual, but not in conflict with nature or with established or conceded facts). Moreover, we note, the child's therapist testified that inconsistencies and contradictions in a child's story are normal for child victims of recurrent abuse.

We thus conclude that the child victim's testimony was not incredible as a matter of law.

### II.

The trial court included in its order granting defendant's motion for judgment of acquittal the additional ground that it had erroneously denied defendant's pre-trial motions for a bill of particulars and to elect a specific incident. Even assuming such errors, however, the People argue that the proper remedy would be a new trial, not the entry of a judgment of acquittal. We agree. *See Kogan v. People,* 756 P.2d 945 (Colo. 1988) (trial court properly denied motion for judgment of acquittal; however, cumulative effect of insufficiencies in bill of particulars and failure of court to order prosecution to elect a specific act required new trial).

No motion for new trial was filed here because the trial court granted defendant's motion for judgment of acquittal. Conse-

quently, any issues concerning the propriety of a new trial were not raised or briefed by the parties and are not addressed in this appeal.

Accordingly, because we reverse the judgment of acquittal, the case must be remanded to the trial court to reinstate the jury's verdicts and to impose sentence. However, on remand, defendant may seek a new trial, pursuant to Crim. P. 33. *See People v. Parks, supra* (reversal of judgment of acquittal places case in same procedural posture as if judgment of acquittal had never been entered).

The judgment of acquittal is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

ERICKSON ** and KIRSHBAUM **, JJ., concur.