The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David R. BATCHELOR,
Defendant–Appellant.

No. 89SA31.

Supreme Court of Colorado,
En Banc.

Nov. 13, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., and Timothy R. Twining, Asst. Atty. Gen., Appellate Section, Denver, for plaintiff-appellee.

Larry Dean Allen, Canon City, for defendant-appellant.

Justice MULLARKEY delivered the Opinion of the Court.

In July 1987, nine-year-old K.B. stayed overnight at the home of her father, the defendant David Batchelor. While K.B. was sleeping, Batchelor took several "instant" snapshots of K.B., nude from the waist down. The photographs were discovered in August, 1987, by Rosemary Luth, Batchelor's then-fiancee with whom he lived, and Jamie Lyons, K.B.'s mother and Batchelor's former wife. Luth and Lyons discovered the photographs of K.B. wrapped in cloth inside a small box in a locked closet, located downstairs in Batchelor's residence. When questioned about the origin of the photos, Batchelor told the police:

> I just took the pictures. I don't know why. I just did. She was asleep, and I got the camera, pulled her panties down and took a picture, changed her position and took more photos.

According to the police report, Batchelor stated that he "had never touched his daughter sexually" and his daughter agreed. Batchelor was charged and convicted of one count of sexual exploitation of a child under section 18–6–403(3)(b), 8B C.R.S. (1986), on the theory that his photographs of K.B. depicted "erotic nudity" as defined in section 18–6–403(2)(d), 8B C.R.S. (1986).[1] He was sentenced to 60 days' in-

---

**1.** Section 18–6–403(3)(b) provides in pertinent part:

(3) A person commits sexual exploitation of a child if, for any purpose, he knowingly: ...

(b) prepares, arranges for, publishes, produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, or distributes any sexually exploitative material....

§ 18–6–403(3)(b), 8B C.R.S. (1986). Section 18–6–403(2)(j) provides:

"Sexually exploitative material" means any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct.

§ 18–6–403(2)(j), 8B C.R.S. (1986). Section 18–6–403(2)(e) defines "explicit sexual conduct" as "sexual intercourse, erotic fondling, erotic nudi-

carceration in county jail, together with four years' probation and a $5,000 fine. Batchelor appealed to this court, challenging the constitutionality of section 18–6–403(3)(b), and contending that there was not sufficient evidence to establish his guilt beyond a reasonable doubt with regard to the required mental state under the statute. We affirm the conviction.

## I.

■ Batchelor argues that section 18–6–403(3)(b) is overbroad because it would criminalize constitutionally protected photographs, *e.g.*, pictures which parents take of their young children in a wading pool or on a beach and the prototypical photographs of nude babies on a bearskin rug. Batchelor contends that section 18–6–403(3)(b), when used to prosecute for making materials depicting erotic nudity as defined by section 18–6–403(2)(d), is unconstitutionally overbroad, both on its face [2] and as applied to Batchelor in this case.

ty, masturbation, sadomasochism, or sexual excitement." § 18–6–403(2)(e), 8B C.R.S. (1986). The statute defines "erotic nudity" as follows: "Erotic nudity" means the display of the human male or female genitals or pubic area, the undeveloped or developing genitals or pubic area of the human male or female child, the human female breast, or the undeveloped or developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.
§ 18–6–403(2)(d), 8B C.R.S. (1986). A copy of section 18–6–403 as it existed at the time of Batchelor's offense is attached as an appendix to this opinion.

2. The People contend that Batchelor does not have standing to raise the issue of facial overbreadth. We decline to address this issue for two reasons. First, the test in Colorado for whether a plaintiff has standing to challenge overbreadth is similar to the test for overbreadth itself. *Compare Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973) (statutes may not be invalidated unless the overbreadth is "not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep") *with City of Englewood v. Hammes*, 671 P.2d 947, 950 (Colo. 1983) ("the facial overbreadth exception to traditional rules of standing will be applied only when the overbreadth is real and substantial 'judged in relation to the statute's plainly legitimate sweep.'") (*citing Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917). Thus, the inquiry into

■ Statutes are not unconstitutional due to facial overbreadth unless the overbreadth is "not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). *See also Ferber*, 458 U.S. at 772, 102 S.Ct. at 3363. Depictions of child nudity, without more, are constitutionally protected expression. *Ferber*, 458 U.S. at 765 n. 18, 102 S.Ct. at 3359 n. 18 (*citing Erznoznik v. City of Jacksonville*, 422 U.S. 205, 213, 95 S.Ct. 2268, 2274, 45 L.Ed.2d 125 (1975)). To defeat a challenge of substantial overbreadth,

the conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed.... The category of "sexual conduct" proscribed must ... be suitably limited and described.

*Id.*, 458 U.S. at 764, 102 S.Ct. at 3358. Thus, statutes prohibiting the production

standing to raise the overbreadth issue largely duplicates the inquiry into the statute's overbreadth. Second, the Colorado doctrine of standing to challenge overbreadth has become more complex than the overbreadth doctrine. *Compare People v. Weeks*, 197 Colo. 175, 179, 591 P.2d 91, 94 (1979) (reserving facial overbreadth challenges to "those defendants whose speech is at the fringes of that activity which the statute is designed to regulate. Those defendants whose speech is central to the interests which the statute seeks to protect and is clearly of a type regulated by the statute in question, cannot attack the statute as overbroad. They must demonstrate that the statute is unconstitutional as applied to them.") (*citing Broadrick; Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975)); *People v. McBurney*, 750 P.2d 916, 918 (Colo.1988) (*quoting Weeks*, 197 Colo. at 179, 591 P.2d at 94); *People v. Bridges*, 620 P.2d 1, 5 (Colo.1980) (*quoting Weeks*, 197 Colo. at 179, 591 P.2d at 94) *with People v. 735 East Colfax, Inc.*, 697 P.2d 348, 356 n. 11 (Colo.1985) (arguing that *Weeks* and *Bridges* may not be consistent with the holdings in *Broadrick* and *Bolles*); *Marco Lounge, Inc. v. City of Federal Heights*, 625 P.2d 982, 986 n. 5 (Colo.1981) (arguing that *Bridges* and *Weeks* may not be consistent with *Broadrick* and *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975), as well as with *Bolles*). *See also New York v. Ferber*, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982) ("we have allowed persons to attack overly broad statutes *even though the conduct of the person making the attack is clearly unprotected*") (emphasis added).

or distribution of child pornography must sufficiently narrow the scope of their prohibitions to avoid "criminaliz[ing] an intolerable range of constitutionally protected conduct." *Osborne v. Ohio*, — U.S. —, —, 110 S.Ct. 1691, 1697, 109 L.Ed.2d 98 (1990). We find that section 18–6–403(3)(b) is not substantially overbroad.

■ Section 18–6–403(2)(d) includes "erotic nudity" as explicit sexual conduct. The statute defines erotic nudity as follows:

"Erotic nudity" means the display of the human male or female genitals or pubic area, the undeveloped or developing genitals or pubic area of the human male or female child, the human female breasts, or the undeveloped or developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.

§ 18–6–403(2)(d), 8B C.R.S. (1986). Under the tests articulated in *Ferber* and *Osborne*, the mere "display" of a child's undeveloped, developing or developed genitals, pubic area, or female breasts, without more, constitutes protected expression. Limiting the prohibition of such "displays" to material made "for the purpose of overt sexual gratification or stimulation of one or more of the persons involved," however, simultaneously targets child pornography, which is not protected speech, *see, e.g., Ferber*, 458 U.S. at 764, 102 S.Ct. at 3358, and reduces the possibility that the statute will be used to prohibit protected speech. So limited, the statute does not reach constitutionally protected materials depicting nude children for family, educational, medical, artistic or other legitimate purposes. Moreover, to the extent such constitutional-

ly protected works may come within the reach of the statute, "we seriously doubt ... that these arguably impermissible applications of the statute [will] amount to more than a tiny fraction of the materials within the statute's reach." *Ferber*, 458 U.S. at 773, 102 S.Ct. at 3363.[3]

■ Batchelor also argues that an element of scienter is essential to the "erotic nudity" section of the statute to distinguish between materials protected by the First Amendment and the child pornography the statute seeks to combat. Batchelor is correct in arguing that an element of scienter is required for section 18–6–403(3)(b) to be constitutional. *See Ferber*, 458 U.S. at 747, 102 S.Ct. at 3348. Batchelor is incorrect, however, in arguing that section 18–6–403(3)(b) does not contain an element of scienter. The statutory elements of the crime are as follows:

A person commits sexual exploitation of a child if, for any purpose, he *knowingly* ... makes ... any photograph ... which depicts a child being used for ... the display of the human ... female genitals or pubic area [or] the undeveloped or developing genitals or pubic area of the human female child, ... for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.

§§ 18–6–403(2)(d), (2)(e), (2)(j), (3)(b), 8B C.R.S. (1986) (emphasis added). "Knowingly" is the degree of culpability required to violate section 18–6–403(3)(b) and the scienter requirement laid down in *Ferber* therefore is satisfied.[4] In addition the statute requires that the conduct be done for the purpose of sexual gratification. Under

---

**3.** We note that Justice Brennan, arguing that a Massachusetts statute prohibiting minors from posing nude and prohibiting employing minors to pose nude was overbroad, maintained that the statute was overbroad because it prohibited the acts *"without regard to the adult's intentions* or the sexually explicit nature of the minor's conduct, [and thus] net[ted] a considerable amount of protected conduct." *Massachusetts v. Oakes*, — U.S. —, —, 109 S.Ct. 2633, 2645, 105 L.Ed.2d 493 (1989) (Brennan, J., dissenting) (emphasis added). By focusing specifically on the intent of the adults involved, sec-

tion 18–6–403(2)(d) apparently passes not only the Supreme Court's test for overbreadth but also passes constitutional muster under Justice Brennan's more stringent analysis.

**4.** We note that the United States Supreme Court recently held that "recklessly," a lower degree of culpability than "knowingly," satisfied the scienter requirement in Ohio's statute outlawing the private possession of child pornography. *Osborne v. Ohio*, — U.S. —, —, 110 S.Ct. 1691, 1699, 109 L.Ed.2d 98 (1990).

these circumstances, the statute is not substantially overbroad.

■ Section 18–6–403(3)(b) also is not overbroad as applied to Batchelor in this case. The photographs Batchelor took were not taken for family, educational, artistic or any other legitimate purpose. The trial court specifically found that the photographs were taken for no reason other than Batchelor's sexual gratification. The photographs in this case therefore constitute child pornography. Child pornography is not protected speech. Section 18–6–403(3)(b) therefore is not overbroad as applied to Batchelor.

## II.

■ Batchelor also challenges that section 18–6–403(3)(b), when used to prosecute for making materials depicting erotic nudity as defined by section 18–6–403(2)(d), is unconstitutionally vague, both facially and as applied to him. We uphold the constitutionality of the statute.

■ Laws must provide fair warning of their prohibitions to avoid trapping the innocent. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1971). Thus, a criminal statute may be unconstitutionally vague when people "of common intelligence must necessarily guess at its meaning." *See, e.g., People v. Weeks,* 197 Colo. at 178, 591 P.2d at 94 (*citing Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)). A penal statute also must articulate definite and precise standards capable of fair application by those who must apply them to avoid arbitrary and discriminatory enforcement. *People v. Norman,* 703 P.2d 1261, 1266 (Colo.1985) (citations omitted); *Grayned,* 408 U.S. at 108, 92 S.Ct. at 2298. Statutes confronting First Amendment freedoms must be specific enough not to inhibit the exercise of those freedoms.

*Grayned,* 408 U.S. at 109, 92 S.Ct. at 2299 (citations omitted).

Section 18–6–403(3)(b) contains sufficiently particularized standards so that it is not unconstitutionally vague. The section defining erotic nudity limits its scope to depictions "for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved." § 18–6–403(2)(d), 8B C.R.S. (1986). Thus, only those depictions of nudity taken for the purpose of sexual gratification or stimulation are proscribed by the statute. This limitation on the scope of section 18–6–403(3)(b) provides citizens with a specific warning of what conduct is prohibited and ensures protection from arbitrary or discriminatory enforcement of the statute. Police, prosecutors, judges and juries do not have discretion under this statute to charge or convict a defendant for making photographs depicting nudity for any purpose other than sexual gratification or stimulation. This limitation also avoids inhibiting freedom of expression. Photographs taken for family, artistic, or any other legitimate purpose are not proscribed by the statute. The statute only proscribes materials that are not constitutionally protected.[5]

## III.

■ Batchelor also argues that in order for material to constitute "erotic nudity" as prohibited by the statute, the material must depict the person photographed in a condition of real or simulated overt sexual gratification or stimulation. We disagree.

In interpreting the meaning of particular statutory provisions, we seek to discern the intent of the legislature. *See, e.g., Thiret v. Kautzky,* 792 P.2d 801, 806 (Colo.1990) (citation omitted). To discern legislative intent, we look primarily to the language of the statute itself and give effect to the statutory terms in accordance with their commonly accepted meanings. *Id.* at 806

---

5. Batchelor's allegation that section 18–6–403(3)(b) is unconstitutionally vague as applied to him also is without merit. There was no question at trial that Batchelor was charged with sexual exploitation of a child because he knowingly made photographs depicting a child being used for erotic nudity. As discussed above, the conduct proscribed and the standards used to judge Batchelor's conduct were not unconstitutionally vague.

(citations omitted). When the meaning of the statute is clear, it is unnecessary to examine its legislative history. *Id.* (citations omitted).

The statute requires the display of breasts or genitals or pubic area "for the purpose of real or simulated overt sexual gratification or stimulation *of one or more of the persons involved.*" § 18–6–403(2)(d), 8B C.R.S. (1986) (emphasis added). This language simply does not require that the "real or simulated overt sexual gratification or stimulation" be depicted in the material. According to the statutory language, the overt sexual gratification or stimulation may be of any of the persons involved in the activity. The person (or persons) "involved" are not always depicted in the material. It follows that if the sexual gratification is of a person not in the material, the sexual gratification of that person need not be shown in the material. In this case, the overt sexual gratification was of Batchelor, the maker of the photograph. The overt sexual gratification for which the photographs in this case were taken, therefore, did not need to be depicted in the photograph.[6]

## IV.

Batchelor also contends that there was not sufficient evidence to establish that he took the photographs in question for the purpose of "real or simulated overt sexual gratification or stimulation" as required by the statutory language. We hold that there was sufficient evidence to prove that Batchelor's conduct satisfied this intent requirement.

This case was tried to the court, not a jury, and the trial court was free to consider and give equal weight to both direct and circumstantial evidence in determining Batchelor's purpose in taking the photographs. *People v. Bennett,* 183 Colo. 125, 131, 515 P.2d 466, 469 (1973) (citation omitted). It is the trial court's province to judge the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn from the evidence. *People in the interest of M.S.H.,* 656 P.2d 1294, 1297 (Colo.1983) (citation omitted). This court cannot disturb on appeal the factual findings of the lower court sitting without a jury unless the factual findings are clearly erroneous and not supported by the record. *Gebhardt v. Gebhardt,* 198 Colo. 28, 30, 595 P.2d 1048, 1050 (1979) (citation omitted).

The primary evidence of Batchelor's purpose in taking the photographs was the photographs themselves.[7] The trial court concluded, based on the content of the photographs, that there was no purpose for their existence other than for Batchelor's sexual gratification. In our view, the trial court's conclusion is equivalent to a finding that Batchelor's purpose in taking the photographs was for sexual gratification. The evidence supports such a finding. Batchelor told the police he "didn't know" why he took the photographs but that he "pulled [K.B.'s] panties down and took a picture, changed her position and took more photos." In fact, the photographs indicate that Batchelor changed K.B.'s position several times and used pillows to prop her body into poses where her genitals and anus were exposed for close-up pictures.

---

**6.** The "erotic nudity" section is distinct from the "masturbation" section, for example, which proscribes the taking of a photograph depicting the real or simulated touching, rubbing, or otherwise stimulating of parts of a person's anatomy "for the purpose of real or simulated overt sexual gratification or arousal *of the person.*" § 18–6–403(2)(f), 8B C.R.S. (1986) (emphasis added). This language means that the real or simulated overt sexual gratification or arousal must be of the person depicted in the photograph.

**7.** Four photos were introduced into evidence. They depict K.B., nine years old, apparently asleep in various positions on a couch: lying on her stomach with her legs spread apart (with the picture focused on her anal and vaginal area); lying on her stomach with her legs spread apart and a pillow underneath her hips, propping up her midsection (with a close-up of her anal and vaginal area); lying on her back with her legs spread apart, exposing the vaginal area; and lying on her left side with a pillow underneath her hips, exposing her anal area. In each picture, K.B. is wearing a T-shirt covering her upper torso and is nude below the waist. In two pictures, her panties can be seen pulled down around her ankles.

Batchelor took the photographs at night with a camera that took instant photographs and concealed the photographs in a small box hidden in a locked downstairs closet of his residence. The evidence indicated that the child had no knowledge that the photographs were being taken. Thus, the photographs and the circumstances surrounding the photographs indicated that Batchelor secretly took the photographs, maneuvered the child so that he could focus graphically on her anal and vaginal area, and that Batchelor concealed the photographs from anyone else's view. This was sufficient evidence from which the trier of fact could conclude beyond a reasonable doubt that Batchelor took the photographs for the purpose of sexual gratification as required by the statute.

The judgment is affirmed.

ERICKSON, J., specially concurs.

### APPENDIX

**18–6–403. Sexual exploitation of children.** (1) The general assembly hereby finds and declares: That the sexual exploitation of children constitutes a wrongful invasion of the child's right of privacy and results in social, developmental, and emotional injury to the child; that a child below the age of eighteen years is incapable of giving informed consent to the use of his or her body for a sexual purpose; and that to protect children from sexual exploitation it is necessary to prohibit the production of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce.

(2) As used in this section, unless the context otherwise requires:

(a) "Child" means a person who is less than eighteen years of age.

(b) "Commercial purpose" means the intention, objective, anticipation, or expectation of monetary gain or other material consideration, compensation, remuneration, or profit.

(c) "Erotic fondling" means touching a person's clothed or unclothed genitals or pubic area, developing or undeveloped genitals or pubic area (if the person is a child), buttocks, breasts (if the person is a female), or developing or undeveloped breast area (if the person is a female child), for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved. "Erotic fondling" shall not be construed to include physical contact, even if affectionate, which is not for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.

(d) "Erotic nudity" means the display of the human male or female genitals or pubic area, the undeveloped or developing genitals or pubic area of the human male or female child, the human female breasts, or the undeveloped or developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.

(e) "Explicit sexual conduct" means sexual intercourse, erotic fondling, erotic nudity, masturbation, sadomasochism, or sexual excitement.

(f) "Masturbation" means the real or simulated touching, rubbing, or otherwise stimulating of a person's own clothed or unclothed genitals or pubic area, developing or undeveloped genitals or pubic area (if the person is a child), buttocks, breasts (if the person is a female), or developing or undeveloped breast area (if the person is a female child), by manual manipulation or self-induced or with an artificial instrument, for the purpose of real or simulated overt sexual gratification or arousal of the person.

(g) "Sadomasochism" means:

(I) Real or simulated flagellation or torture for the purpose of real or simulated sexual stimulation or gratification; or

(II) The real or simulated condition of being fettered, bound, or otherwise physically restrained for sexual stimulation or gratification of a person.

(h) "Sexual excitement" means the real or simulated condition of human male or female genitals when in a state of real or

simulated overt sexual stimulation or arousal.

(i) "Sexual intercourse" means real or simulated intercourse, whether genital-genital, oral-genital, anal-genital, or oral-anal, between persons of the same or opposite sex, or between a human and an animal, or with an artificial genital.

(j) "Sexually exploitative material" means any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct.

(3) A person commits sexual exploitation of a child if, for any purpose, he knowingly:

(a) Causes, induces, entices, or permits a child to engage in, or be used for, any explicit sexual conduct for any commercial purpose or the making of any sexually exploitative material; or

(b) Prepares, arranges for, publishes, produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, or distributes any sexually exploitative material; or

(c) Possesses with the intent to deal in, sell, or distribute any sexually exploitative material for any commercial purpose; or

(d) Causes, induces, entices, or permits a child to engage in, or be used for, any explicit sexual conduct for the purpose of producing a performance.

(4) The possession by any person of three or more identical copies of any sexually exploitative material shall create a presumption that such possession is for a commercial purpose.

(5) The sexual exploitation of a child is a class 3 felony.

(6) If any provision of this section or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this section which can be given effect without the invalid provision or application, and to this end the provisions of this section are declared to be severable.

Justice ERICKSON specially concurring:

I specially concur in the majority opinion.

At the close of the prosecution's case in chief, the defendant moved for a judgment of acquittal. The trial court denied the motion.

In ruling on a motion for a judgment of acquittal, the trial judge must determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988); *People v. Bennett*, 183 Colo. 125, 129, 515 P.2d 466, 469 (1973). The substantial evidence test established in *Bennett* eliminated the requirement that the prosecution's evidence when wholly circumstantial must, as the defendant contends, exclude every reasonable hypothesis other than that of guilt. *Bennett*, 183 Colo. at 129, 515 P.2d at 469.

In this case, trial was to the court. Four sexually explicit photographs of K.B., together with the admission of the defendant to the investigating police officer that he had taken the photographs, but did not know why he took them, constituted the evidence of guilt. The prosecution argued that no legitimate reason could be advanced for the existence of the photographs other than for the defendant's sexual gratification. Based on the prosecution's argument, the photographs, and the admissions of the defendant, the trial judge denied the defendant's motion, and when the defendant offered no defense, found the defendant guilty of sexual exploitation of a child under section 18–6–403(3)(b), 8B C.R.S. (1986).

The prosecution is required to prove every element of the crime charged, including the requisite mens rea, beyond a reasonable doubt. *Hendershott v. People*, 653 P.2d 385, 390–93 (Colo.1982). The negative finding that there could be no other pur-

pose for the photographs other than the defendant's sexual gratification is not sufficient to establish the existence of the requisite mens rea beyond a reasonable doubt. The prosecution had the burden of proving that the purpose of the photographs was for real or simulated overt sexual gratification or stimulation. Section 18–6–403(2)(d), 8B C.R.S. (1986).

Here, the same evidence before the trial court is before this court. *See People v. Gennings,* 196 Colo. 208, 583 P.2d 908 (1978). In my view, the evidence establishes that the purpose of the photographs was for sexual gratification and supports the trial judge's finding of guilt. The photographs, coupled with the defendant's admissions, provide sufficient direct and circumstantial evidence to prove the defendant's purpose and the required statutory elements of the crime. K.B. was positioned by the defendant to achieve maximum exposure of the genital and anal areas. The defendant posed K.B. in positions associated with a female in the act of sexual intercourse. Although the prosecutor's assertion of no other purpose was inadequate, the evidence was sufficient to establish the statutory element necessary for conviction of the defendant.