The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Wayne H. GAGNON, Defendant–Appellant.

No. 98CA1632.

Colorado Court of Appeals, Div. IV.

Dec. 9, 1999.

As Modified on Denial of Rehearing Jan. 20, 2000.*

Certiorari Denied May 15, 2000.

* Judge BRIGGS does not participate in modification.

breasts partially exposed. In two photos, her back was arched and her arms were spread, and in a third her hands appeared to be opening the blouse. She also agreed to pose in a skirt with her legs spread, exposing her underwear. She declined defendant's requests that she pose in lingerie, topless, without underwear, or completely naked.

A woman in the park with her children observed defendant taking the photos and contacted the police. The police obtained a search warrant and, during a search of defendant's home, found three rolls of undeveloped film. When developed, the film produced the photos defendant had taken of the girl in the park. The police also found other sexually explicit materials.

The trial court found defendant guilty of the felony, based on the photos displaying portions of the girl's breasts, and sentenced him to twelve years imprisonment. The court found him guilty of the misdemeanor, based on his possession of the photos, and sentenced him to a concurrent three-year sentence.

Ken Salazar, Attorney General, Kim L. Montagriff, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Michael D. Brown, Arvada, Colorado; Devra K. Carmichael, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Wayne H. Gagnon, appeals the judgment of conviction entered following a bench trial for the crimes of felony sexual exploitation of a child, attempted sexual exploitation of a child, and misdemeanor sexual exploitation of a child. We affirm the convictions and the felony sentence, but remand the cause to the trial court for reconsideration of defendant's misdemeanor sentence.

Defendant met a sixteen-year-old girl through an electronic bulletin board commonly used by children at school as an internet chatline. During one of the chat sessions, defendant advised the girl that he was a photographer. They exchanged phone numbers and later arranged for the girl to pose for photographs at a park near her home.

During the photo session, the girl agreed to pose for photos with her bra removed, her blouse completely unbuttoned, and her

## I.

Defendant first contends the trial court erred when it found him guilty of the sexual exploitation of a child charges without finding that the photographs which served as the basis for his convictions were obscene. We do not agree.

Defendant argues that, if the photos were not obscene under the standard articulated by the Supreme Court in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), his conviction violates his right to free speech. However, the Supreme Court concluded in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), that the *Miller* standard does not reflect the particular and more compelling interests that states have in preventing the sexual exploitation of children.

The Court in *Ferber* recognized that there remain limits on the category of child pornography that is outside the protection of the First Amendment. As with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the

applicable state law, as written or authoritatively construed. In addition, the conduct to be prohibited must correlate to the harm to be prevented. Thus, the state offense must be limited to works that visually depict "sexual conduct" by children below a specified age, and the "sexual conduct" proscribed must be suitably limited and described. *See New York v. Ferber, supra; see also Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); *People v. Batchelor,* 800 P.2d 599 (Colo.1990).

■ Nevertheless, within these limits, the *Miller* standard may be adjusted. For example, the material in question need not be considered as a whole; that part of the material which is considered need not appeal to the prurient interest of the average person; and the sexual conduct need not be portrayed in a patently offensive manner. *See New York v. Ferber, supra.*

We therefore reject defendant's contention that he could not be prosecuted for sexual exploitation of a child unless the trial court found that the photos he took were obscene under the *Miller* test.

## II.

■ Defendant contends that because the photographs upon which his convictions were based were located in his residence, they are protected by the United States Supreme Court's decision in *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In that decision, the Supreme Court concluded that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime.

However, in *Osborne v. Ohio, supra,* the Supreme Court expressly refused to extend the holding in *Stanley* to child pornography. It reasoned that a state's interests in prohibiting child pornography exceed the interests upon which the *Stanley* decision was based. It therefore concluded that a state may constitutionally proscribe the possession and viewing of child pornography.

Defendant has not suggested any basis for distinguishing the Supreme Court's holding in *Osborne v. Ohio, supra.* We therefore find no basis for setting aside his convictions merely because the photos were found in his home.

## III.

Defendant next makes several combined arguments that address whether § 18–6–403, C.R.S.1999, which makes sexual exploitation of children a crime, applies to his conduct and, if so, whether the statute is unconstitutionally vague or overbroad. While the concerns raised interrelate and overlap, we address each separately.

## A.

■ Defendant in effect argues that the statute should not be construed to apply to his conduct because the photos, although admittedly showing portions of the girl's breasts, do not display a whole breast or include the nipple. We are not persuaded.

A person commits sexual exploitation of a child under § 18–6–403(3)(a) by knowingly causing a child to engage in the making of any "sexually exploitative material." The statute separately defines "sexually exploitative material" to include photographs of children engaged in, participating in, or being used for "explicit sexual conduct." Section 18–6–403(2)(j), C.R.S.1999. "Explicit sexual conduct" includes "erotic nudity." Section 18–6–403(2)(e), C.R.S.1999.

Section 18–6–403(2)(d) defines "erotic nudity" as:

> the display of the human male or female genitals or pubic area, the undeveloped or developing genitals or pubic area of the human male or female child, the human breasts, or the undeveloped or developing breast area of the human child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.

■ A display or picture qualifies as "erotic nudity" upon finding that the display or picture meets two separate conditions. First, in the context of this case, the display or picture must depict the human breasts or undeveloped or developing breast area of a child. Second, this display or picture must be for the purpose of real or simulated overt

sexual gratification or stimulation of one or more of the persons involved. No more is required. *See* § 18–6–403(2)(d); *People v. Batchelor, supra.*

Besides grafting additional terms into the statute, defendant's construction overemphasizes the first requirement, to the exclusion of the second. Instead, the determination of whether the statute applies requires consideration of both.

As to the second requirement, some courts have looked to a more concrete test, first articulated in *United States v. Dost*, 636 F.Supp. 828 (S.D.Cal.1986). Factors considered include: 1) whether the focal point of the visual depiction is on the child's breasts, genitals, or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, such as in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and 6) whether the visual depiction appears to be intended or designed to elicit a sexual response in the viewer. *See also United States v. Knox*, 32 F.3d 733 (3d Cir.1994); *People v. Kongs*, 30 Cal.App.4th 1741, 37 Cal.Rptr.2d 327 (Cal.App.1994).

The harm the statute is intended to address is described in § 18–6–403(1), C.R.S. 1999:

(1) The general assembly hereby finds and declares: That the sexual exploitation of children constitutes a wrongful invasion of the child's right of privacy and results in social, developmental, and emotional injury to the child; that a child below the age of eighteen years is incapable of giving informed consent to the use of his or her body for a sexual purpose; and that to protect children from sexual exploitation it is necessary to prohibit the production of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce.

Thus, in the context of this case, the focus is not merely on the harm the material may produce, but also on the harm to a child who is induced to engage in the process of producing such materials. The two requirements focus on both kinds of harm.

Defendant has not argued, and we know of no reason to conclude, that the latter harm is avoided merely by being careful to display only a portion of a breast, or a particular portion, when inducing a child to pose for photos. Indeed, equal or greater harm to a child can result from the type of poses to which a child is subjected and the process of taking the photos than from the amount of the human breast actually depicted in the photos.

Further, if we were to accept defendant's argument, it is not readily apparent why a different conclusion should result from the display of the male or female genitals or pubic area. Thus, a defendant who made a photo which displayed less than all a child's genitals or pubic area would presumably be equally immune from prosecution, no matter how lewd the photo. This would appear equally contrary to the statute's purpose.

As the trial court noted, the photos in question displayed a substantial portion of the girl's breasts, and the photos were clearly for the purpose of sexual gratification. At least in these circumstances, we agree with the court's conclusion that defendant's conduct was proscribed under the terms of § 18–6–403.

### B.

■ Defendant's next contention is that the statute is unconstitutionally vague. We conclude to the contrary.

■ Laws must provide fair warning of their prohibitions to avoid trapping the innocent. A criminal statute also must articulate definite and precise standards capable of fair application by those who must apply them to avoid enforcement that is arbitrary and discriminatory. In particular, statutes confronting First Amendment freedoms must be specific enough not to inhibit the exercise of those freedoms. *People v. Batchelor, supra; see also Grayned v. City of Rockford*, 408

U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

In *People v. Batchelor, supra,* the supreme court concluded that another provision of the statute, § 18–6–403(3)(b), C.R.S.1999, was not unconstitutionally vague despite its similar incorporation of definitions for "sexually exploitative material," "explicit sexual conduct," and "erotic nudity." The court noted the section defining "erotic nudity," § 18–6–403(2)(d), limited its scope to depictions "for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved." Thus, photographs taken for family, artistic, or any other legitimate purpose are not proscribed by the statute.

The supreme court in *Batchelor* concluded that, as so limited, the statute in question, including the definition of "erotic nudity," provides a sufficient warning to citizens of what conduct is prohibited and ensures protection from arbitrary or discriminatory enforcement of the statute. That holding is controlling here.

Defendant nevertheless argues that the statute is unconstitutionally vague in that it fails to describe an "ultimate sex act," as required by the supreme court's interpretation of the *Miller* standard in *People v. Tabron,* 190 Colo. 149, 544 P.2d 372 (1976). The argument ignores the holding in *Batchelor* that, after rejecting a challenge for vagueness, upheld the prosecution of a defendant for taking pictures of his child while she was asleep. More fundamentally, it ignores that the *Miller* standard is not controlling in cases involving child pornography. *See New York v. Ferber, supra.*

Defendant also appears to argue that, despite the supreme court's holding in *Batchelor,* the statute was unconstitutionally vague as applied to his conduct because it was unclear whether the reference in § 18–6–403(2)(d) to the "human breasts, or the undeveloped or developing breast area of the human child" required display of the entire breast area or just a portion or, if just a portion, what portion. However, the context of the photos included more than a mere display of a substantial portion of the girl's breasts. Among other things, the poses

were sexually suggestive, the photos suggested coyness or a willingness to engage in sexual activity, and the obvious intent was to elicit a sexual response in the viewer. *Cf. United States v. Knox, supra.* We conclude that defendant cannot claim to have been unfairly surprised that his conduct fell within the proscription of the statute, particularly in light of its stated purpose.

We recognize that the issue is difficult, and there may be cases that will fall on the other side of the line. However, this is not a sufficient reason to hold the statutory language too ambiguous to define a criminal offense or to refuse to apply the statute in circumstances such as those presented here. *Cf. Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

We conclude that, in light of the common understanding of the terms used in the statute and the expressly stated purpose for the statutory proscription, as well as the limiting construction and holding in *People v. Batchelor, supra,* the statute provided defendant with a sufficient warning that his conduct was prohibited. At the same time, it ensured protection from arbitrary or discriminatory enforcement of the statute.

### C.

 Defendant also contends that § 18–6–403(2)(d), which defines "erotic nudity," is unconstitutionally overbroad. A similar argument was rejected by the supreme court in *People v. Batchelor, supra.* Minor changes to the language of the statute have been made since that decision, but those changes are irrelevant here.

While not entirely clear, it appears that defendant seeks to avoid the holding in *Batchelor* on the basis that the defendant in that case involved the child in sexual conduct of a type that a state more clearly has a compelling interest in proscribing. We again are not persuaded.

We recognize that some states use a lower age limitation in defining a child for purposes of similar statutes. We further recognize that social mores may have changed in some

degree in the twenty years since the statute in question was enacted.

Nevertheless, we cannot say that the harm the statute seeks to prevent could not occur from the taking of photos of the type in question here. We therefore conclude that the category of "sexual conduct" proscribed through the definition of "erotic nudity" in § 18–6–403(2)(d) is "suitably limited" to conduct that is not constitutionally protected. *See New York v. Ferber, supra.*

## IV.

■ Defendant next contends that insufficient evidence supports the trial court's finding that the photos were taken for the purpose of defendant's overt sexual gratification. Consistent with our earlier discussion, we disagree.

This case was tried to the court. It was free to consider and give equal weight to both direct and circumstantial evidence; to judge the sufficiency, probative effect, and weight of the evidence; and to draw any reasonable inferences and conclusions from the evidence. We cannot disturb its factual findings unless they cannot be supported by the record. *People v. Batchelor, supra.*

Here, the trial court concluded, based on the content of the photographs, that there was no purpose for their existence other than for defendant's sexual gratification. As noted by the supreme court in *People v. Batchelor, supra,* this conclusion is sufficiently equivalent to a finding that defendant's purpose in taking the photographs was for sexual gratification.

As in *Batchelor,* the primary evidence of defendant's purpose in taking the photographs was the photographs themselves. As already discussed, defendant placed the child in poses that were sexually suggestive, the poses suggested sexual coyness or a willingness to engage in sexual activity, and her attire was inappropriate, particularly for a public park. The pictures clearly appear to have been intended to elicit a sexual response in the viewer.

Further, other evidence in the record supports the trial court's finding. This includes the photos of the girl with her legs spread and her pubic area conspicuously displayed. It also includes the girl's testimony concerning defendant's requests that she pose topless, in lingerie, without her underwear, or completely naked. In addition, the pictures of the victim were found along with a large collection of other material the trial court described as adult pornography.

We therefore cannot say that the trial court's findings are unsupported by the record.

## V.

■ Defendant next contends the trial court abused its discretion when it imposed the maximum sentence within the presumptive range for his convictions. We are not persuaded.

■ A trial judge has broad discretion when imposing a sentence, and that sentence will not be overturned in the absence of a clear abuse of discretion. If it is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate court must uphold the sentence. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

■ In exercising sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the deterrence of crime, and the protection of the public. *See People v. Fuller, supra; see also* § 18–1–102.5, C.R.S.1999.

Sexual exploitation of child is a class three felony. Section 18–6–403(5), C.R.S.1999. The presumptive range of sentencing for a class three felony is four to twelve years. Section 18–1–105(1)(a)(V)(A), C.R.S.1999.

The trial court specifically addressed the appropriate sentencing factors during defendant's sentencing hearing. Among other things, the court noted defendant's prior criminal history, his involvement in similar conduct with another minor girl, and his failure to take full responsibility for his actions or to accept that he had done anything that was sexually inappropriate. The court

further referenced a report that indicated defendant would be a medium to high risk in society. Although the author of the report had recommended intensive supervised probation, the court was concerned that supervision would be difficult. It concluded that rehabilitation was unlikely, that defendant's crime could be easily repeated, and that society required protection through defendant's incarceration.

We recognize that the sentence may seem harsh. However, the record reflects that the trial court weighed the appropriate considerations, stated the reasons for its decision on the record, and imposed a sentence within the presumptive range. Under these circumstances, we cannot say the court abused its discretion. *See People v. Fuller, supra.*

## VI.

Defendant finally contends that the trial court erred in sentencing him on his misdemeanor conviction of sexual exploitation of a child to a term of imprisonment longer than that allowed by law. We agree.

The mittimus reflects a three-year sentence for defendant's misdemeanor conviction for sexual exploitation of a child. Initially, we note that the transcript of defendant's sentencing hearing reflects that the trial court actually sentenced defendant to two years imprisonment for this conviction.

More importantly, the maximum sentence allowed for a class one misdemeanor, absent aggravating factors, is eighteen months. See § 18–1–103(1), C.R.S.1999; *see also* Colo. Sess. Laws 1993, ch. 322, § 18–1–106 at 1984. Therefore, the cause must be remanded for the trial court to reconsider the sentence to be imposed for the misdemeanor conviction.

Accordingly, we affirm the convictions and the sentence imposed on defendant's felony conviction for sexual exploitation of a child. We vacate the sentence imposed on defendant's misdemeanor conviction and remand the cause for the limited purpose of reconsidering that sentence.

Judge ROTHENBERG concurs.

Judge JONES specially concurs.

Judge JONES specially concurring.

While I concur with the opinion in all respects, I write specially concerning Part V of the opinion because it is not entirely clear to me from the record that an effective exercise of discretion required the trial court to impose the maximum sentence in the presumptive range for defendant's felony convictions.

In § 18-1-102.5(1)(b), C.R.S. 1999, the General Assembly stated that one of the purposes of the sentencing statutes is: "To assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences." When this mandate is applied, especially along with the statutory factors courts must heed when sentencing nonviolent defendants, *see* § 16–11–101(2)(a), C.R.S.1999, fairness, in my view, dictates that this required uniformity of sentencing be considered on a state-wide basis.

It is notable that many of the photographs that are the basis of the convictions here just barely evade First Amendment protection. In two cases in which undoubtedly pornographic material was produced and sometimes sold, much less harsh sentencing consequences resulted. *See People v. Batchelor,* 800 P.2d 599 (Colo.1990) (defendant sentenced to 4 years probation, $5000 fine, and 60 days in county jail as condition of probation for taking posed pornographic pictures of sleeping 9–year–old child); *People v. Enea,* 665 P.2d 1026 (Colo.1983) (defendant sentenced to 2 years incarceration for selling pornographic material depicting children).

The record reflects that the probation department, which thoroughly investigated the background of the defendant and of this case, recommended probation with a set of conditions calculated to assist defendant to reform his behavior while continuing to work and be productive. This, in view of the victim's testimony renouncing that any physical or emotional harm came to her in this episode, presented an opportunity to test the judicial system's capacity for fairness, rehabilitative possibility, and uniformity.

Based on the record here, a shorter sentence of incarceration might more appropri-

ately have met the General Assembly's sentencing mandates.