FILED
United States Court of Appeals
Tenth Circuit

March 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OSCAR SERRATO-NAVARRETE,
a/k/a Oscar Serrato-Navarette,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

Nos. 14-9559 & 14-9578
(Petitions for Review)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Petitioner Oscar Serrato-Navarrete, a native and citizen of Mexico, seeks

review of the decision by the Board of Immigration Appeals (BIA) upholding the

order of removal by the immigration judge (IJ) based on Petitioner's conviction for

an aggravated felony.  In a consolidated petition, Petitioner also seeks review of the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), as limited by § 1252(a)(2)(C), (D), and we deny the consolidated petitions.

BACKGROUND

Petitioner became a lawful permanent resident of the United States in 2001 through adjustment of status. In 2013, he pleaded guilty in Colorado to possession of child pornography in violation of Colo. Rev. Stat. § 18-6-403(3)(b.5) (sexual exploitation of a child, possession of material). The Department of Homeland Security charged him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction of an aggravated felony of child pornography. As relevant here, an "aggravated felony" includes a conviction for child pornography "as described in [18 U.S.C. §§] 2251, 2251A or 2252." 8 U.S.C. § 1101(a)(43)(I).

Petitioner argued before the IJ and the BIA that his conviction for possession of child pornography was not an aggravated felony. The IJ rejected his argument, relying on the BIA's decision in *Matter of R-A-M-*, 25 I. & N. Dec. 657, 658-59 (BIA 2012), which held that a California conviction for possession of child pornography is an aggravated felony because it is fundamentally the same as an offense described in 18 U.S.C. § 2252(a)(4)(B). The BIA, in a decision by a single Board member, dismissed Petitioner's appeal. It concluded Petitioner's conviction of sexual exploitation of a child in violation of § 18-6-403(3)(b.5) categorically qualified as an offense described in § 2252(a)(4)(B), knowingly possessing material

- 2 -

visually depicting the use of a minor engaging in sexually explicit conduct. The BIA rejected Petitioner's argument that the Colorado statute is broader than the federal statute. Petitioner filed a petition for review, No. 14-9559, and also moved to reopen his removal proceedings on the ground that he had filed a post-conviction motion in state court to withdraw his guilty plea. The BIA denied his motion to reopen. Petitioner filed a second petition for review to challenge that decision, No. 14-9578, and the two petitions have been consolidated.

## DISCUSSION

In No. 14-9559, Petitioner argues the BIA erred in concluding § 18-6-403(3)(b.5) constitutes an aggravated felony under § 1101(a)(43)(I). He contends Colorado's statute is broader than, and thus not a categorical match to, § 2252(a)(4)(B). Thus he contends the BIA should have, but did not, conduct an alternative modified categorical analysis of the two statutes. "[O]ur jurisdiction to review an order of removal against an aggravated felon is significantly limited: we may review the removal order only to the extent [P]etitioner raises constitutional or legal challenges to the order[.]" *Waugh v. Holder*, 642 F.3d 1279, 1281 (10th Cir. 2011). We review these legal and constitutional issues de novo. *See Brue v. Gonzales*, 464 F.3d 1227, 1232 (10th Cir. 2006). Because the BIA issued its own decision, we review only its decision. *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012).

- 3 -

Courts generally use what is referred to as the "'categorical approach' to determine whether [a] state offense is comparable to an offense listed [as an aggravated felony under § 1101(a)(43)]." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). Under the categorical approach, courts "look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony" *Id*. (internal quotation marks omitted); *see also Ibarra v. Holder*, 736 F.3d 903, 907 (10th Cir. 2013) ("The categorical approach first requires ignoring a petitioner's actual conduct and examining only the minimum conduct needed for a conviction under the relevant state law."). Petitioner argues Colorado's possession-of-child-pornography statute criminalizes conduct broader than the federal statute, and therefore is not a categorical match. Specifically, he argues that Colorado's § 18-6-403 criminalizes possession of material depicting a minor "engaged in, participating in, observing, or being used for" sexually explicit conduct, whereas § 2252(a)(4)(B) only refers to the depiction of a minor "engaging in" sexually explicit conduct.

The Colorado statute under which Petitioner was convicted criminalizes the knowing possession or control of "any sexually exploitative material for any purpose," with exceptions not relevant here for peace officers, licensed physicians, psychologists and the like. § 18-6-403(3)(b.5). "Sexually exploitative material," in turn, is defined as "any photograph, motion picture, video, video tape, print, negative,

- 4 -

slide, or other mechanically, electronically, chemically, or digitally reproduced visual

material that depicts a child *engaged in, participating in, observing, or being used for*

explicit sexual conduct." Colo. Rev. Stat. § 18-6-403(j) (emphasis added).

The relevant federal statute criminalizes the knowing possession of

> 1 or more books, magazines, periodicals, films, video tapes, or other
> matter which contain any visual depiction that has been mailed, or has
> been shipped or transported using any means of facility of interstate or
> foreign commerce or in or affecting interstate commerce, or which was
> produced using materials which have been mailed or so shipped or
> transported, by any means including by computer, if—(i) the producing
> of such visual depiction involves the use of a minor *engaging in*
> sexually explicit conduct; and (ii) such visual depiction is of such
> conduct.

§ 2252(a)(4)(B) (emphasis added).

The BIA rejected Petitioner's argument. It concluded the broader adjectives in

the Colorado statute—"participating in, observing, or being used for"—do not

describe functionally different conduct than "engaging in" and that all of the

additional adjectives in Colorado's statute are covered by the term "engaging in"

found in § 2252(a)(4)(B). The BIA determined there was no realistic probability that

an individual would be prosecuted in Colorado under § 18-6-403(3)(b.5) for conduct

that would not be described in § 2252(a)(4)(B) and it was clear that Congress and

Colorado seek to criminalize the same conduct.

In undertaking a categorical analysis, "we must presume that the conviction

rested upon nothing more than the least of the acts criminalized, and then determine

whether even those acts are encompassed by the generic federal offense."

*Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks omitted). But the Supreme Court has warned this "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Id.* at 1684-85 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). To conclude there is such a realistic probability, there must "at least" be "cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which [Petitioner] argues." *Duenas-Alvarez*, 549 U.S. at 193.

We cannot conclude there is a realistic probability that a person would be prosecuted under Colorado's § 18-6-403(3)(b.5) for conduct that would not be "described in" § 2252(a)(4)(B). We have found no case that supports Petitioner's theory that a minor shown "participating in, observing, or being used for" explicit sexual conduct, or even most narrowly simply "observing" explicit sexual conduct, is not "engaged in" such conduct. Black's Dictionary defines "engage" as "[t]o employ or involve oneself; to take part in . . . ." Black's Law Dictionary 646 (10th ed. 2014). In turn, Merriam-Webster's Dictionary defines "involve" to include "to cause (someone) to be included in some activity, situation, etc.: to cause (someone) to take part in something" or "to cause (someone) to be associated *with* someone or something." http://www.merriam-webster.com/dictionary/involve. Thus, a minor observing explicit sexual conduct is being involved in and associated with such

- 6 -

conduct within the meaning of "engaging in" in § 2252(a)(4)(B). We agree with the BIA that the Colorado statute criminalizes the same conduct as § 2252(a)(4)(B), and that the additional descriptive adjectives of "participating in, observing, or being used for" explicit sexual conduct are all covered by the phrase "engaged in" sexually explicit conduct.

Thus, we agree with the BIA's determination that conviction of child pornography under § 18-6-403(3)(b.5) is categorically an offense described in § 2252(a)(4)(B), and, thus, is an aggravated felony under § 1101(a)(43)(I). Accordingly, we need not reach Petitioner's alternative argument that the BIA erred in not proceeding to conduct a modified categorical analysis. *See United States v. Trent*, 767 F.3d 1046, 1052 (10th Cir. 2014) (explaining that if the state statute at issue is a "divisible" statute that "sets out one or more elements of the offense in the alternative," some of which match the relevant definition of an aggravated felony and some of which do not, courts proceed to a modified categorical analysis under which they "examine[] certain definitive underlying documents to determine which alternative the [petitioner's] conviction satisfied" (internal quotations marks omitted)), *cert. denied*, 2015 WL 732162 (U.S. Feb. 23, 2015) (No. 14-7762).

In No. 14-9578, Petitioner seeks review of the BIA's August 5, 2014 order denying his motion to reopen. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). But Petitioner's brief advances no argument that could be deemed a challenge to the

BIA's exercise of discretion.  He does not offer any argument at all regarding the denial of his motion to reopen and thus has waived any appellate challenge to that order.  *See Iliev v. Holder*, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010) (invoking waiver doctrine to bar review of inadequately developed argument).

The petitions are denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge